STANTON, J.

Elizabeth M. Rotenberg-Schwartz (ER 2607)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
Suite 2400
New York, New York 10112
(212) 332-3800

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-11-07
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CAI INTERNATIONAL, INC.,

        Plaintiff,

v.

MEGAFLEET (PRIVATE) LIMITED,
INSHIPPING (PRIVATE) LIMITED, INSHIP
(PRIVATE) LIMITED, INSERVEY
PAKISTAN (PRIVATE) LIMITED,
MEGAIMPEX PAKISTAN (PRIVATE)
LIMITED, MEGA IMPEX (PRIVATE)
LIMITED, MEGATECH (PRIVATE)
LIMITED, MEGATRANS PAKISTAN
(PRIVATE) LIMITED, INTRA 21
(PRIVATE) LIMITED, INTRA TWENTY
ONE (PRIVATE) LIMITED, MSC
PAKISTAN (PRIVATE) LIMITED, FORBES
FORBES CAMPBELL & CO (PRIVATE)
LIMITED, M-LOG (PRIVATE) LIMITED,
FORBES SHIPPING (PRIVATE) LIMITED,
FORBES LATHAM (PRIVATE) LIMITED,
FORBES TELECOMMUNICATIONS
(PRIVATE) LIMITED, FORBES TELECOM
(PRIVATE) LIMITED, MEGATRAVEL
PAKISTAN (PRIVATE) LIMITED,
SEACON (PRIVATE) LIMITED, SEALOG
(PRIVATE) LIMITED, SEAEXPRESS
(PRIVATE) LIMITED, FORBES LOGISTICS
(PRIVATE) LIMITED, FORBES LOGICOM
(PRIVATE) LIMITED, MEGARAIL
(PRIVATE) LIMITED, MEGATRANSPORT
(PRIVATE) LIMITED, FORBES SHIPPING
COMPANY (PRIVATE) LIMITED, M.
HABIBULLAH KHAN,

        Defendants.

Civil Action No. 07 CV 3728 (LLS)

**EX PARTE ORDER DIRECTING
CLERK TO ISSUE PROCESS OF
MARITIME ATTACHMENT AND
GARNISHMENT; APPOINTING
PERSON TO SERVE PROCESS
PURSUANT TO RULE 4(c); AND
<u>CONCERNING SCOPE OF SERVICE</u>**



COPY
MAHON, CLERK
BY [signature] DEPUTY CLERK

WHEREAS, on May _11_, 2007 plaintiff CAI International, Inc. ("CAI"), filed a Verified Complaint for damages amounting to $_16,416,240_ exclusive of interest, costs and reasonable attorneys' fees, and praying for the issuance of Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Admiralty Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure; and

WHEREAS, the Process of Maritime Attachment and Garnishment would command that the United States Marshal or other designated process server attach any and all of the property of the defendants within this District; and

WHEREAS, the Court has reviewed the Verified Complaint and the Supporting Declaration of Elizabeth M. Rotenberg-Schwartz, and the conditions of Supplemental Admiralty Rule B appear to exist.

**THE COURT ORDERS THAT:**

**1.** Process of Maritime Attachment and Garnishment shall issue forthwith against all tangible or intangible property belonging to, claimed by or being held for Defendants by any garnishees within this District, including but not limited to, ABN Amro Bank; American Express Bank; Bankers Trust; Bank of America, N.A.; Bank of China; The Bank of New York; Barclays Bank; BNP Paribas; Calyon; Citibank, N.A.; Credit Suisse First Boston; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JP Morgan Chase Bank, N.A.; LaSalle Bank, N.A.; Standard Chartered Bank; UBS AG; U.S. Bank, N.A.; Wachovia Bank, N.A.; and/or Wells Fargo Bank, N.A., in an amount up to and including $_7,890,026_, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure;

2. Any person claiming an interest in the property attached or garnished pursuant to this Order shall, upon application to the Court, be entitled to a prompt hearing at which CAI shall be required to show cause why the attachment and garnishment should not be vacated or other relief granted;

3. The Clerk shall issue supplemental process enforcing the Court's Order upon application of plaintiff's counsel without further order of the Court;

4. Elizabeth M. Rotenberg-Schwartz, or any other partner or associate, ~~paralegal or other agent~~ of Sheppard, Mullin, Richter & Hampton LLP, is hereby appointed, in addition to the United States Marshal, to serve the Process of Attachment and Garnishment issued pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure and the Verified Complaint, together with a copy of this Order, upon the named garnishee(s) as well as any other garnishee(s) who (based upon subsequent or additional information) may hold assets of, for, or on behalf of Defendants; [LLS]

5. Following initial service by the United States Marshal or other designated process server upon each garnishee, supplemental or subsequent service of the Process of Maritime Attachment and Garnishment, as well as this Order, may be made by way of facsimile transmission or email to each garnishee and each garnishee personally served shall furnish to CAI's counsel, the United States Marshal, or designated process server a facsimile number or email address to which supplemental or subsequent services may be made;

6. Service on any garnishee shall be effective continuous service throughout the day from the time of such service through the opening of the garnishee's business the next business day;

7. In accordance with Fed. R. Civ. P. 5(b)(2)(D), a garnishee may consent in writing to service by any other means;

8. A copy of this Order shall be attached to and served with the Process of Maritime Attachment and Garnishment.

Entered this 11th day of May 2007.

                                           *Louis L. Stanton*
                                           United States District Judge
                                           Southern District of New York