Elizabeth M. Rotenberg-Schwartz (ER 2607)
SHEPPARD MULLIN RICHTER & HAMPTON LLP
30 Rockefeller Plaza
Suite 2400
New York, New York 10112
(212) 332-3800

MAY 21 2007

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

CAI INTERNATIONAL, INC.,

        Plaintiff,

v.

MEGAFLEET (PRIVATE) LIMITED, INSHIPPING (PRIVATE) LIMITED, INSHIP (PRIVATE) LIMITED, INSERVEY PAKISTAN (PRIVATE) LIMITED, MEGAIMPEX PAKISTAN (PRIVATE) LIMITED, MEGA IMPEX (PRIVATE) LIMITED, MEGATECH (PRIVATE) LIMITED, MEGATRANS PAKISTAN (PRIVATE) LIMITED, INTRA 21 (PRIVATE) LIMITED, INTRA TWENTY ONE (PRIVATE) LIMITED, MSC PAKISTAN (PRIVATE) LIMITED, FORBES FORBES CAMPBELL & CO (PRIVATE) LIMITED, M-LOG (PRIVATE) LIMITED, FORBES SHIPPING (PRIVATE) LIMITED, FORBES LATHAM (PRIVATE) LIMITED, FORBES TELECOMMUNICATIONS (PRIVATE) LIMITED, FORBES TELECOM (PRIVATE) LIMITED, MEGATRAVEL PAKISTAN (PRIVATE) LIMITED, SEACON (PRIVATE) LIMITED, SEALOG (PRIVATE) LIMITED, SEAEXPRESS (PRIVATE) LIMITED, FORBES LOGISTICS (PRIVATE) LIMITED, FORBES LOGICOM (PRIVATE) LIMITED, MEGARAIL (PRIVATE) LIMITED, MEGATRANSPORT (PRIVATE) LIMITED, FORBES SHIPPING COMPANY (PRIVATE) LIMITED, M. HABIBULLAH KHAN, MEGAFEEDER (PRIVATE) LIMITED,

        Defendants.

No. 07-CV-3728(LLS)

**VERIFIED AMENDED
<u>COMPLAINT IN ADMIRALTY</u>**

Plaintiff alleges:

## JURISDICTION

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction under 28 U.S.C. § 1333.

## PARTIES

2. Plaintiff is a Delaware corporation with its principal place of business in San Francisco, California. Plaintiff is the successor in interest to Container Applications International, Inc., assignee of CAI-Interpool, LLC.

3. Upon information and belief, all defendants except M. Habibullah Khan are business entities organized under the laws of a jurisdiction or jurisdictions outside the United States and each having its principal place of business outside the United States. M. Habibullah Khan ("Khan") is an individual and is, upon information and belief, a citizen and domiciliary of Pakistan.

## CLAIM IN ADMIRALTY

4. CAI entered into two ocean cargo container lease agreements (the "Agreements"), CAI reference numbers: MEGA-001 dated May 3, 2006 and MEGA-002 dated June 1, 2006, with "Megafeeder (Private) Limited and Mega & Forbes Group of Companies" ("Lessees").

5. The Mega & Forbes Group of Companies includes all the defendants shown in the caption of this Complaint, except for Khan.

6. CAI leased ocean cargo containers to Lessees for use in maritime transport.

7. Lessees have failed to perform, are in material breach of their obligations under the Agreements, and are jointly and severally liable to CAI.

8. Mr. Khawaja Shams-ul-Islam, a Pakistani lawyer acting for defendant Megafeeder (Private) Limited ("Megafeeder"), by letter dated March 27, 2007 repudiated the agreement on Megafeeder's behalf asserting CAI has no contract with Megafeeder.

9. By letter dated April 13, 2007, CAI terminated the Agreements and requested that Mr. Khawaja Shams-ul-Islam, as Megafeeder's representative, sign a letter authorizing release of CAI's containers. Megafeeder's lawyer responded by letter dated April 16, 2007, refusing to sign a letter directing release of the containers.

10. As of April 30, 2007, Lessees were indebted to CAI in the principal amount of $358,026.00 for rental and lease related charges. Additional rental will continue to accrue on leased containers as of that date at the rate of $2,410.80 per day.

11. As of April 30, 2007, the contractual replacement value of ocean cargo containers covered by the Agreements was $7,532,000.00 for which Lessees are liable.

12. The amounts set forth in the preceding two paragraphs include rental and replacement values for all containers presently in Lessees' possession and control plus rental and replacement for 75 convertible open-top 40-foot containers specially manufactured for long-term lease to Lessees under Agreement Reference Code MEGA-002, that Lessees have never picked up.

13. Lessees are obliged to pay CAI's attorneys' fees pursuant to paragraph 5.e of the General Terms and Conditions (the "General Terms"), which are part of the Agreements.

14. On amounts not paid when due, Lessees are obliged to pay as additional rental a service charge of 18% per annum pursuant to paragraph 2.d of the General Terms.

15. CAI has performed all obligations required of it under the Agreements. The conditions, if any, of Lessees' obligations have occurred

16. Upon information and belief, Khan is Chairman & Managing Director of the Mega & Forbes Group.

17. Upon information and belief, Khan is a shareholder and officer of each Lessee.

18. On at least eight occasions, Khan made substantial payments of Lessee's obligations under the Agreements from bank accounts that appear to stand in his name alone. Khan has thus, upon information and belief, commingled Lessee's assets with his own, acted at paying agent for one or more Lessee, or both.

19. Khan is liable jointly and severally with Lessees for all obligations under the Agreements.

20. Upon information and belief Defendants Inshipping (Private) Limited and Megatech (Private) Limited have the same address and common office space.

21. Upon information and belief Defendants Mega Impex (Private) Limited and MSC Pakistan (Private) Limited have the same address and common office space.

22. Upon information and belief Defendants Forbes Forbes Campbell & Co (Private) Limited, Forbes Shipping (Private) Limited, Forbes Latham (Private) Limited, Forbes Telecommunications (Private) Limited, Sealog (Private) Limited, Seaexpress (Private) Limited, and Forbes Shipping Company (Private) Limited have the same address and common office space.

23. As such, upon information and belief, all the defendants shown in the caption of this Complaint, are alter egos of each other.

24. Defendants cannot be found within this District within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. Upon information and belief, defendants have, or will during the pendency of process in this action, have assets within this District and subject to this Court's jurisdiction in the hands of certain garnishees, including without limitation: ABN Amro Bank; American Express Bank; Bankers Trust; Bank of America, N.A.; Bank of China; The Bank of New York; Barclays Bank; BNP Paribas; Calyon; Citibank, N.A.; Credit Suisse First Boston; Deutsche Bank Trust Company Americas; HSBC Bank USA, N.A.; JP Morgan Chase Bank, N.A.; LaSalle Bank, N.A.; Standard Chartered Bank; UBS AG; U.S. Bank, N.A.; Wachovia Bank, N.A.; and Wells Fargo Bank, N.A.

25.  CAI seeks an order directing the Clerk to issue Process of Maritime Attachment and Garnishment pursuant to Rule B attaching defendants' for the purpose of obtaining jurisdiction over defendants and to secure CAI's claim against them. As nearly as CAI can presently ascertain, the amount it seeks to attach is:

| | |
|---:|---|
| $358,026.00 | Rental and related charges through April 30, 2007 |
| $2,640.000.00 | Rental estimated to accrue during pendency of action - three years at $2,411.00 per day |
| $7,532,000.00 | Replacement value of leased containers |
| $5,686,214.00 | Service charge on these amounts at 18% for three years |
| $200,000.00 | Estimated attorneys fees and costs |
| $16,416,240.00 | TOTAL. |

## RELIEF REQUESTED

CAI prays that:

1. The Court enter judgment in CAI's favor for $358,026.00 presently due for rental and related charges, $7,532,000.00 for replacement value of leased containers, plus additional rental as it accrues, service charge on unpaid amounts, attorneys' fees and costs;

2. The Court issue process of attachment and garnishment against defendants pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims;

3. The Court grant such other and further relief in CAI's favor as seems just and proper.

Dated: May 16, 2007

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By *[signature]*
Elizabeth M. Rotenberg-Schwartz (ER 2607)
30 Rockefeller Plaza
Suite 2400
New York, New York 10112
(212) 332-3800 (Tel.)
(212) 332-3888 (Fax)

Attorneys for Plaintiff CAI International, Inc.

## VERIFICATION

I, Frederic Bauthier state that I am Senior Vice President – Marketing of CAI International, Inc.

I have read the allegations of the Verified Amended Complaint in Admiralty. The information in that Amended Complaint is true and correct to my own knowledge except as to those matters stated on information and belief. I believe those matters to be true. The basis of my knowledge is my own personal knowledge and the business records of CAI International, Inc.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 1_, 2007 at San Francisco, California.

Frederic Bauthier