UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
CAI INTERNATIONAL, INC.,                              :

        Plaintiff,                                  :           07 Cv. 3728 (LLS) (DF)

   -against-                                          :           **ORDER**

MEGAFLEET (PRIVATE) LIMITED, *et al.*        :

        Defendant.                               :
------------------------------------------------------------X

**DEBRA FREEMAN, United States Magistrate Judge:**

    This matter having been referred to me to conduct an inquest and to report and recommend concerning Plaintiff's damages; and Defendants having written to the Court, by letter dated November 19, 2007, indicating that they wish to conduct discovery on the issue of damages prior to an inquest; and the Court having reviewed Defendants' letter, as well as the subsequent letters of Plaintiff and Defendants, dated November 19 and 20, 2006, respectively; it is hereby ORDERED that:

    1.    The parties are directed to confer in good faith regarding a schedule for discovery regarding the amount of, and support for, Plaintiff's claimed damages. No later than November 30, 2007, the parties shall submit a jointly-proposed schedule to the Court for the completion of such discovery,[1] as well as for Plaintiff's submission to the Court of Proposed Findings of Fact and Conclusions of Law concerning damages, and for Defendants' opposition to such submission.

---

    [1] To the extent Plaintiff also seeks discovery regarding the location and nature of Defendants' assets that may be available to satisfy a judgment, such discovery is not relevant to the damages inquest that is the subject of Judge Stanton's Order of Reference, and thus any application for such discovery should be separately made to Judge Stanton.

2.  Plaintiff's Proposed Findings should specifically tie the proposed damages figure(s) to the legal claim(s) on which liability has now been established by default; should demonstrate how Plaintiff has arrived at the proposed damages figure(s); and should be supported by an affidavit attaching as exhibits and containing an explanation of any documentary evidence that helps establish the proposed damages.

3.  If any party seeks a hearing on the issue of damages, it should so inform the Court in the parties' joint submission, and the Court will then determine whether a hearing should be held. *See Action S.A. v. Marc Rich & Co.,* 951 F.2d 504, 508 (2d Cir. 1991) (Fed. R. Civ. P. 55(b)(2) "allows but does not require . . . a hearing"); *Fustok v. ContiCommodity Servs. Inc.,* 873 F.2d 38, 40 (2d Cir. 1989) ("[I]t [is] not necessary for the District Court to hold a hearing, as long as it ensured that there was a basis for the damages specified in a default judgment.").

Dated:  New York, New York
        November 26, 2007

                                    SO ORDERED

                                    _____
                                    DEBRA FREEMAN
                                    United States Magistrate Judge

Copies To:

Hon. Louis L. Stanton, U.S.D.J.

Elizabeth M. Rotenberg-Schwartz, Esq.
Lisa M. Lewis, Esq.
Sheppard, Mullin, Richter & Hampton, LLP
30 Rockefeller Plaza
Suite 2400
New York, NY 10112
Fax: (212) 332-3888

Peter Judge Gutowski, Esq.
Gina Maria Venezia, Esq.
Freehill, Hogan & Mahar, LLP
80 Pine Street
New York, NY 10005
Fax: (212) 425-1901