UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CAI INTERNATIONAL, INC.,<br><br>Plaintiff,<br><br>v.<br><br>MEGAFLEET (PRIVATE) LIMITED, *et al.*<br><br>Defendants. | ECF CASE<br><br>No. 07-CV-3728(LLS)<br><br>STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS |

IT IS HEREBY STIPULATED AND AGREED, by and among plaintiff CAI INTERNATIONAL, INC. ("CAI") and defendants, and their respective attorneys, that the following provisions shall govern discovery in this action:

### "CONFIDENTIAL" DISCOVERY

1. Any party or non-party from whom discovery has been sought (the "Producing Party") may designate as "Confidential" any document, testimony or other discovery material. "Confidential Material" as used herein shall refer to any so designated document, testimony or other discovery material and all copies thereof, and shall also refer to the information contained therein. "Confidential", as used herein shall mean any materials which, in the Producing Party's judgment, contain proprietary or sensitive business information. Material designated as "Confidential" shall be treated as such unless the Court orders otherwise.

2. Nothing contained herein shall prejudice the right of any party to object to another party's designation of material as "Confidential" or to seek from the Court modification of this Stipulation and Order Regarding Confidential Material ("Stipulation and Order").

3. Material shall be designated as "Confidential" by placing or affixing a "CONFIDENTIAL" notice on such material. Any such notice which is inadvertently omitted during production may be corrected by prompt written notification to all counsel of record.

Deposition or hearing testimony may be designated as "Confidential" by an appropriate statement on the record at the time when such testimony is given or upon subsequent written notification to all counsel of record upon review of the transcript. Exhibits which are deemed "Confidential" shall be so designated by stamping the exhibit accordingly.

4. Confidential Material may not be disclosed to anyone except:

(a) The Court and its employees;

(b) Outside or in-house legal counsel of the parties and employees of counsel for the parties who are working on this litigation;

(c) Deposition or trial witnesses in this action when (1) the witness is otherwise entitled to review the documents under the provisions of this Stipulation and Protective Order; (2) the document or thing at issue concerns the witness; or (3) the witness agrees to be bound by the provisions of this Stipulation and Protective Order and executes Exhibit A appended hereto;

(d) Employees and independent agents of any of the parties to this action who are assisting counsel in the prosecution or defense of this action; and

(e) Independent experts and their employees retained by any of the parties to this action or their counsel who are assisting in either the prosecution or defense of this action.

5. Independent agents within category 4(d), each person within category 4(e) and a representative of each party shall agree in advance to be bound by this Stipulation and Order by signing a certificate in the form annexed hereto as Exhibit A. Counsel for a party shall keep the original of each executed certificate and deliver a duplicate to all other counsel within two weeks of execution of the certificate.

### "ATTORNEYS EYES ONLY" MATERIAL

6. Any party from whom discovery has been sought (the "Producing Party") may designate as "Attorneys' Eyes Only" any document or other discovery material concerning customer lists, sales data, price points or other similar proprietary business information the

disclosure of which could harm the Producing Party's business interests. "Attorneys' Eyes Only" as used herein shall refer to any so designated document or other discovery material and all copies thereof, and shall also refer to the information contained therein. Material designated as "Attorneys' Eyes Only" shall be treated as such unless the Court orders otherwise.

7. Nothing contained herein shall prejudice the right of any party to object to another party's designation of material as "Attorney's Eyes Only" or seek from the Court modification of this Stipulation and Order regarding Attorneys' Eyes Only Material ("Stipulation and Order").

8. Material shall be designated as "Attorneys' Eyes Only" by placing or affixing on such material an "ATTORNEYS' EYES ONLY" notice. Any such notice which is inadvertently omitted during document production may be corrected by prompt written notification to all counsel of record.

9. "Attorneys' Eyes Only" Material may not be disclosed to anyone except:

   a. The Court and its employees; and

   b. Outside legal counsel of the parties and employees of outside legal counsel for the parties who are working on this litigation.

   c. Independent experts and their employees retained by any of the parties to this action or their counsel who are assisting in either the prosecution or defense of this action.

10. Those persons to whom "Attorney's Eyes Only" Material may be disclosed pursuant to the provisions of paragraph 9(c) shall agree in advance to be bound by this Stipulation and Order by signing a certificate in the form annexed hereto as Exhibit A. Counsel for the party shall keep the original of each executed certificate and deliver a duplicate to all other counsel within two weeks of execution of the certificate.

11. All "Confidential Material" and "Attorneys' Eyes Only" Material shall be used solely for the prosecution or defense of the claims in this action.

12    All "Confidential Material" and "Attorneys' Eyes Only" Material shall be stored under the direct control of counsel for the parties, who shall use reasonable efforts to prevent any disclosure thereof except in accordance with the terms of this Stipulation and Order.

13.    In the event that counsel for any party determines to file with the Court any document subject to the provisions of this Stipulation and Order containing "Confidential" or "Attorneys' Eyes Only" material or to submit to the Court any such document or the information contained therein for any purpose, such document or information shall be submitted under seal, and shall be kept under seal to be opened only as the Court shall direct, unless counsel for the producing party is given five (5) business days advance written notice by hand or telecopier of an intention to file such document with the Court or to submit it in open court, so that counsel for the Producing Party may have a reasonable opportunity to apply to the Court for a further protective order, if necessary.

14.    Any documents designated as "Confidential" or "Attorney's Eyes Only" by any party which are designated by any other party as proposed trial exhibits, either pursuant to applicable pretrial procedures or otherwise, may not be offered into evidence in open court unless the party which seeks to use the document either obtains a waiver of the confidentiality or attorney's eyes only designation of such document, where applicable, or obtains an appropriate order from the Court. *Any application to maintain the confidentiality of documents or other information at trial shall be made to the trial judge.*

15.    This Stipulation and Order shall remain in full force and effect until modified, superseded, or terminated by consent of the parties or by order of the Court and shall survive the termination of this action.

16.    Nothing herein shall impose any confidentiality obligation upon information which (a) was in the public domain or (b) was obtained from a third party by the Producing Party

without any breach by either the third party or the Producing Party of any duty or obligation on its part, or (c) already was in the possession of the party to which it was produced in the form in which it was produced.

17. Except as otherwise agreed in writing by the Producing Party, at the conclusion of this action, whether the action be settled, otherwise resolved in full prior to trial, or tried on the merits, all material which has been designated as "Confidential" or "Attorneys' Eyes Only" and which is still the subject of the protections afforded herein, and all copies thereof, produced by any party in this action or otherwise obtained from any party through discovery in this action shall be promptly returned to the Producing Party, or, at the written request of the Producing Party, destroyed. Each party producing material which has been designated as "Confidential" or "Attorneys' Eyes Only" will retain one set of such materials produced by it for a period of at least four years following the conclusion of this action and any appeals arising therefrom. Thereafter, such Producing Party may dispose of such retained materials in the ordinary course of business as part of its routine document disposal procedure.

18. For the purposes of this Stipulation only, the parties agree to be subject to the jurisdiction of the Court and to be bound by the terms of this Stipulation and Order.

19.     The parties may execute and acknowledge this Stipulation and Order in multiple counterparts, and if executed in such manner, this Stipulation and Order shall be valid and binding as if all parties had executed the same original.

Dated:      New York, New York
            January 24, 2008

FREEHILL, HOGAN & MAHAR, LLP

By: _____
Gina M. Venezia
80 Pine Street
New York, New York 10005-1759
(212) 381-3018 (phone)
(212) 425-1901 (fax)

*Attorneys for defendants*

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _____
Elizabeth M. Rotenberg-Schwartz
30 Rockefeller Plaza
Suite 2400
New York, New York 10112
(212) 332-3800 (phone)
(212) 332-3888 (fax)

*Attorneys for plaintiff*
*CAI International, Inc.*

SO ORDERED: 1/29/08  *as modified (see #14)*

_____
Honorable Debra C. Freeman
United States Magistrate Judge

## EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CAI INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> MEGAFLEET (PRIVATE) LIMITED, *et al.* <br><br> Defendants. | ECF CASE <br><br> No. 07-CV-3728(LLS) <br><br> STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIALITY OF DISCOVERY MATERIALS |

_____, being duly sworn, states:

A.  That [s]he resides at _____ ;

B.  That [s]he has read and understands the Stipulation and Order Regarding Confidential Material dated January \_\_\_, 2008 ("Stipulation and Order") entered into by the parties in the above-referenced action, and

C.  That [s]he is fully familiar with and agrees to comply with and be bound by the provisions of the Stipulation and Order.

_____<br>
Name:<br>
Title:

Sworn to before me this
   day of _____, 2008.

_____
Notary Public